UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC WILLIAM JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | No. 2:19-cv-01598-WBS-CKD-P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

At all times relevant to the instant action, plaintiff was a prisoner at California State Prison-Solano. Plaintiff alleges that on November 6, 2018 he was ordered to submit to an

2

unclothed body search by defendants J. Martinez and A. Muhammad. ECF No. 1 at 4. According to plaintiff, this mass strip search was authorized by defendant R. Neuschmid, the Warden at CSP-Solano. ECF No. 1 at 7. Prior to being searched, plaintiff was forced to remain naked for approximately 45 minutes in the presence of "50 plus inmates, 20 guards of both genders and 4 P[rison] I[ndustry] A[uthority] supervisors…," one of whom was female. ECF No. 1 at 5. As a Muslim, this violated plaintiff's religious beliefs of guarding one's modesty. Id. When plaintiff asked defendant J. Martinez for an accommodation based on his religious beliefs, he was informed that everyone was subject to the strip search. Id. Plaintiff alleges that this resulted in a violation of his First Amendment right to the free exercise of his religion, the Fourth Amendment prohibition against unreasonable searches, and the cruel and unusual punishment clause of the Eighth Amendment. ECF No. 1 at 7-9. By way of relief, plaintiff seeks compensatory and punitive damages. ECF No. 1 at 10.

### III. Legal Standards

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury). Additionally, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

To the extent that plaintiff sues defendants in their official capacity, he is advised that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against

all of the named defendants in their official capacity is barred by the Eleventh Amendment.[1]

Supervisory personnel may not be held liable under section 1983 for the actions or omissions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d at 646) (internal quotation marks omitted).

The Fourth Amendment prohibits only searches deemed to be unreasonable. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. Factors that must be evaluated are "1) the existence of a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; 2) the existence of alternative means of exercising the right that remain open to prison inmates; 3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and 4) the absence of ready alternatives as evidence of the reasonableness of the regulation." Michenfelder, 860 F.2d at 331

---

[1] While the Eleventh Amendment does not bar claims for prospective injunctive relief against a state official who is sued in their official capacity, plaintiff does not seek any prospective injunctive relief against any named defendant in his complaint. Will v. Michigan Dep't of State Police, 491 U.S. 58, 92 (1989).

4

(citing Turner v. Safley, 482 U.S. 78 (1987)).  Strip searches have been held constitutionally permissible by the Supreme Court and Ninth Circuit.  See, e.g., Florence v. Bd. of Chosen Freeholders, 566 U.S. 318 (2012); Bull v. City & County of San Francisco, 595 F.3d 964 (9th Cir. 2010) (*en banc*).  The Ninth Circuit has held that occasional viewing of unclothed male prisoners by female correctional officers does not violate the Fourth Amendment rights of the inmates. Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988); see also Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir. 1985).

"The right to exercise religious practices and beliefs does not terminate at the prison door." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342, and Bell v. Wolfish, 441 U.S. 520, 545 (1979).  The right to free exercise of religious faith is, however, 'necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea, 833 F.2d at 197.  Federal courts "determine whether these competing interests are balanced properly by applying a 'reasonableness' test." Id.  Action by prison officials that impacts an inmate's right to free exercise of religion "is valid if it is reasonably related to legitimate penological interests." Id. (internal quotation marks omitted).

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).  Here, plaintiff does not even allege that defendants physically touched him in any manner much less in a sexual manner. Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

**IV.     Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim for violations of plaintiff's First and

5

Fourth Amendment rights against defendants J. Martinez and A. Muhammad. Plaintiff has not pled a cognizable claim of sexual assault or sexual harassment in violation of the Eighth Amendment. As a result, plaintiff's Eighth Amendment claim against defendants J. Martinez and A. Muhammad will be dismissed with leave to amend. The court also finds that plaintiff does not allege sufficient facts demonstrating any cognizable claim against defendant Robert Neuschmid. Although plaintiff alleges that the contraband search was authorized by the warden, there is no information in the complaint demonstrating that the specific manner in which the search was carried out by the correctional officers was in fact authorized. Absent such information or linkage of defendant Robert Neuschmid to the specific challenged conduct, plaintiff fails to state a claim for relief. Accordingly, defendant Neuschmid will be dismissed with leave to amend.

At this time, plaintiff may elect to proceed on the First and Fourth Amendment claims against defendants J. Martinez and A. Muhammad; or, in the alternative, he may elect to amend his complaint to attempt to cure some or all of the deficiencies identified in this order with respect to the other claims and defendant. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You may choose to file an amended complaint to try to fix these problems.  You must decide if you want to (1) proceed immediately on your First and Fourth Amendment claims against defendants J. Martinez and A. Muhammad and voluntarily dismiss the remaining defendant and claims; or, (2) try to amend the complaint to fix the deficiencies identified in this order.  Once you decide, you must complete the attached Notice of Election form by checking **only one of the appropriate boxes** and return it to the court.  Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).  If you do not return this Notice, the court will order service of the complaint only on defendants J. Martinez and A. Muhammad and will recommend dismissing the remaining claims and defendants with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 1) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the First and Fourth Amendment claims against defendants J. Martinez and A. Muhammad or plaintiff may choose to amend the

complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendant.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims with prejudice and proceed only on the cognizable claims identified above.

Dated: March 17, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/john1598.1.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC WILLIAM JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>　　　　　　　Defendants. | No.  2:19-cv-01598-WBS-CKD-P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the First and Fourth Amendment claims against defendants J. Martinez and A. Muhammad and voluntarily dismiss the remaining claims and defendants; or,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:


　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff
_____

1