UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC WILLIAM JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | No.  2:19-cv-01598-WBS-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court is plaintiff's motion for a temporary restraining order.  ECF No. 23.  Defendants have filed an opposition to the motion.  ECF No. 27.  For the reasons discussed below, the undersigned recommends denying plaintiff's motion without prejudice to any future request for an extension of time.

**I.     Motion for a Temporary Restraining Order**

In his motion, plaintiff states that he has not been able to access his property including his legal files as a result of his placement in administrative segregation due to the COVID-19 outbreak at San Quentin State Prison.  ECF No. 23 at 1.  Plaintiff also references a pending court deadline for submission of a confidential settlement statement.  Id.  However, that deadline has been vacated by the court.  See ECF No. 22.  Plaintiff seeks a court order requiring the Litigation Coordinator to return him to North Block housing and to place him on single cell status due to his

1

1    high risk of infection of COVID-19.  Id. at 1-2.

2         By way of opposition, defendants point out that the litigation coordinator at San Quentin
3    State Prison is not a party to this civil action and that plaintiff is not seeking to enjoin any of the
4    named defendants.  ECF No. 27 at 3.  Plaintiff has not demonstrated any harm or prejudice
5    resulting from his housing placement at San Quentin, according to defendants, because the
6    settlement conference was vacated.  Id.

7         **II.    Legal Standards**

8         A preliminary injunction should not issue unless necessary to prevent threatened injury
9    that would impair the court's ability to grant effective relief in a pending action.  "A preliminary
10   injunction... is not a preliminary adjudication on the merits but rather a device for preserving the
11   status quo and preventing the irreparable loss of rights before judgment."  Sierra On–Line, Inc. v.
12   Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents
13   the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.
14   Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard
15   for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
16   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
17   balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,
18   Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council,
19   Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  The Ninth Circuit's sliding-scale test
20   for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's
21   standard.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining
22   that the sliding scale approach allowed a stronger showing of one element to offset a weaker
23   showing of another element).  "In other words, 'serious questions going to the merits' and a
24   hardship balance that tips sharply towards the plaintiff can support issuance of an injunction,
25   assuming the other two elements of the Winter test are also met."  Alliance, 632 F.3d at 1131-32
26   (citations omitted).  Additionally, in cases brought by prisoners involving conditions of
27   confinement, any preliminary injunction "must be narrowly drawn, extend no further than
28   necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### III.     Analysis

Because plaintiff is seeking to enjoin the litigation coordinator at San Quentin who is not a party to this action, the undersigned recommends denying the motion based on lack of jurisdiction. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The defendants in this case are correctional officials at California State Prison-Solano. See ECF No. 8 at 2-3. Additionally, plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). If plaintiff does not have access to his legal materials in order to meet a future court deadline, he is advised that he may file a motion for an extension of time. For all these reasons, the undersigned recommends denying plaintiff's motion for a temporary restraining order without prejudice to any future request for an extension of time.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 23) be denied without prejudice to plaintiff filing any future request for an extension of time based on lack of access to his legal materials.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/john1598.TRO.docx